19 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eduardo SANDOVAL-SALGADO, Defendant-Appellant.
 No. 93-50341.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 11, 1994.
 
 Before: FLETCHER, BRUNETTI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eduardo Sandoval-Salgado appeals his convictions following jury trial for importing and possession of cocaine with intent to distribute in violation of 21 U.S.C. Secs. 841(a)(1), 952, 960. Sandoval-Salgado contends the district court erred by giving a "deliberate ignorance" instruction under United States v. Jewell, 532 F.2d 697 (9th Cir.) (en banc), cert. denied, 426 U.S. 951 (1976), because the instruction implied that the jury should disregard his diminished capacity defense. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 "In reviewing jury instructions, '[o]ur inquiry is whether the jury instructions as a whole are misleading or inadequate to guide the jury's deliberations.' " Guam v. McGravey, No. 92-10003, slip op. 381, 386 (9th Cir. Jan. 14, 1994) (quoting United States v. Joetzki, 952 F.2d 1090, 1095 (9th Cir.1991)).
 
 
 4
 "A single instruction may not be judged in artificial isolation, but must be viewed in the context of the overall charge." Id. (quoting United States v. Marsh, 894 F.2d 1035, 1040 (9th Cir.1989), cert. denied, 493 U.S. 1083 (1990)).
 
 
 5
 Here, Sandoval-Salgado presented a diminished capacity defense based upon evidence that he suffered brain damage. Because the brain damage affected Sandoval-Salgado's ability to make abstract judgments, a defense expert hypothesized Sandoval-Salgado might not extrapolate the high probability that the apparently empty van he drove across the border contained drugs from the fact he was paid $2,000 to drive it across the border.
 
 
 6
 Pursuant to Jewell, the district court instructed the jury that it could find Sandoval-Salgado acted knowingly if he was aware of the high probability that drugs were in the van but deliberately refrained from learning the truth.[1] The district court also instructed the jury that it could consider Sandoval-Salgado's evidence of brain damage when determining whether Sandoval-Salgado acted with intent to import and distribute cocaine.
 
 
 7
 Sandoval-Salgado objected to the Jewell instruction, asserting it would lead the jury to conclude the district court had rejected the defense expert's testimony and determined Sandoval-Salgado to be capable of deliberate ignorance.[2] The Jewell instruction reveals that, contrary to Sandoval-Salgado's contention, the district court did not convey the message that it had considered and rejected the diminished capacity evidence. The instruction informed the jury of its duty to determine Sandoval-Salgado's awareness of the probability that drugs were in the van. Moreover, by giving the diminished capacity instruction, the district court clearly informed the jury it could consider Sandoval-Salgado's evidence of brain damage when making its determination.
 
 
 8
 Because the combined effect of the instructions made clear to the jury its duty to determine whether Sandoval-Salgado knowingly possessed the cocaine based upon all of the evidence presented, we hold the district court did not err by instructing the jury on deliberate ignorance. See McGravey, slip op. at 386.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 [1]
 The Jewell instruction stated:
 You may find that the defendant acted knowingly if you find beyond a reasonable doubt that the defendant was aware of a high probability that drugs were in his van and deliberately avoided learning the truth.
 You may not find such knowledge, however, if you find that the defendant actually believed that no drugs were in his van, or if you find that the defendant was simply careless.
 
 
 [2]
 Sandoval-Salgado relies on United States v. Chu, 988 F.2d 981, 984 (9th Cir.1993), as authority for his position. In Chu, the district court instructed the jury that possession of a substantial quantity of heroin alone was sufficient to support a finding that defendant knowingly possessed heroin. Because the instruction implied that the district court had rejected the defendant's evidence regarding lack of knowledge, we concluded it intruded into jury's deliberative process. Id. at 984. We expressly rejected the government's comparison to a Jewell instruction because a Jewell instruction "does not tell the jury it may infer knowledge from a single fact." Id. at 984-85