**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Thomas Andrew PIERRE, Jr.,**
**Defendant–Appellant.**

**No. 00–30135.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 8, 2001

Filed June 26, 2001

Steven Jacobson, Assistant Federal Public Defender, Portland, Oregon, for the defendant-appellant.

Bill Williams and Michael W. Mosman, Assistant United States Attorneys, Portland, Oregon, for the plaintiff-appellee.

Before: T.G. NELSON, GRABER, and RAWLINSON, Circuit Judges.

GRABER, Circuit Judge:

Defendant Thomas Andrew Pierre, Jr., appeals his conviction, after a jury trial, of assault with a dangerous weapon, in violation of 18 U.S.C. §§ 113(a)(3) and 1153. We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

Defendant, who is a member of the Confederated Tribes of the Umatilla Reservation, stabbed Nelson John in the neck, chest, abdomen, and arm. The stabbing took place on the Umatilla Reservation in Oregon and, accordingly, was punishable in federal court as an offense committed within Indian country. 18 U.S.C. § 1153. A federal grand jury indicted Defendant on one count each of assault resulting in serious bodily injury, 18 U.S.C. § 113(a)(6); assault with intent to murder, 18 U.S.C. § 113(a)(1); and assault with a dangerous weapon, 18 U.S.C. § 113(a)(3). Defendant pleaded not guilty to all counts.

Defendant was tried before a jury in December 1999. The government argued that Defendant had attacked John with a knife during an argument. Defendant claimed that John had attacked him, and that he grabbed a knife from an unidentified third party and stabbed John in self-defense. He also argued that he was too intoxicated at the time to form the requisite intent to commit the charged crimes.

Defendant submitted proposed jury instructions, including lesser-included-offense instructions on the elements of two crimes: simple assault, 18 U.S.C. § 113(a)(5); and assault by striking, beating, or wounding, 18 U.S.C. § 113(a)(4). The district court instructed the jury on simple assault, but declined to give an instruction on assault by striking, beating, or wounding. Defendant objected.

Defendant also requested an instruction on self-defense. The district court gave a self-defense instruction, but not in the form that Defendant had requested. Defendant had sought an instruction that explicitly stated that the government bore the burden of proving beyond a reasonable doubt that Defendant did not act in self-defense. Instead, the district court gave an instruction that was virtually identical to the extant version of the Ninth Circuit Model Jury Instruction:

> The defendant has offered evidence of having acted in self-defense. Use of force is justified when a person reasonably believes that it is necessary for the defense of one's self or another against the immediate use of unlawful force. However, a person must use no more force than appears reasonably necessary under the circumstances presented.
>
> Force likely to cause death or great bodily harm is justified in self-defense only if a person reasonably believes that such force is necessary to prevent death or great bodily harm.

*See* 9th Cir.Crim. Jury Instr. 6.5, at p. 102 (West 1997). Defendant objected.

The district court also addressed self-defense in the instructions setting out the elements of the charged offenses. Defendant had requested instructions on the elements of the charged offenses that stated, as an element of each offense: "[Defendant] did not act in self-defense." Instead, the district court gave instructions that included *half* the model self-defense instruction as an element of the charged crimes. For example, with respect to count 1 of the indictment, the court instructed the jury:

> The defendant is charged, in Count 1 of the indictment, with assault resulting in serious bodily injury, in violation of sections 113(a)(6) and 1153 of Title 18 of the United States [C]ode.
>
> In order for the defendant to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt. First, the defendant intentionally struck and wounded Nelson John.
>
> Second, as a result, Nelson John suffered serious bodily injury.
>
> Third, the defendant is an Indian.
>
> Fourth, the defendant's acts occurred in Indian country and within the maritime and territorial jurisdiction of the United States.
>
> *And, fifth, the defendant used more force than was reasonably necessary in the circumstances.*

(Emphasis added.)

That fifth "element" is not an element of assault resulting in serious bodily injury. It is not typically included in the jury instruction setting out the elements of that crime. *See* 9th Cir.Crim. Jury Instr. 6.7, at p. 137 (West 2000). Nor is it an element of any of the other crimes of assault with which Defendant was charged. Nev-

ertheless, the district court repeated that formulation when it instructed the jury on the elements of each of those crimes.

The court also gave general instructions setting out the government's burden of proving guilt beyond a reasonable doubt, explaining the concept of reasonable doubt, and stating that Defendant was not required to prove his innocence.

The jury returned verdicts of not guilty on the charges of assault resulting in serious bodily injury and assault with intent to murder, but returned a guilty verdict on the count of assault with a dangerous weapon. The jury did not return a verdict on the lesser-included offense, simple assault.

Defendant brings this timely appeal.

## STANDARD OF REVIEW

■ This court reviews de novo a district court's refusal to give a lesser-included-offense instruction. *United States v. Nichols*, 9 F.3d 1420, 1421 (9th Cir.1993). The question whether a district court's instructions adequately cover a defendant's proffered defense also is reviewed de novo. *United States v. Fleming*, 215 F.3d 930, 936 (9th Cir.2000).

## DISCUSSION

I. *Assault by Striking, Beating, or Wounding*

Defendant first argues that the district court erred in refusing to give a lesser-included-offense instruction on the crime of assault by striking, beating, or wounding. We are not persuaded.

■ Assault by striking, beating, or wounding is not a lesser-included offense of Defendant's crime of conviction, which was assault with a dangerous weapon. To identify lesser-included offenses, federal courts follow the "elements" test.

*Schmuck v. United States*, 489 U.S. 705, 716, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989). Under that test, an offense is not "lesser included" unless (1) the elements of the lesser offense are a subset of the elements of the charged offense, and (2) it is impossible to commit the greater offense without first having committed the lesser. *Id.* at 716, 719, 109 S.Ct. 1443.

■ The elements of assault by striking, beating, or wounding are not a subset of the elements of assault with a dangerous weapon. Physical contact is an element of assault by striking, beating, or wounding, *United States v. Johnson*, 637 F.2d 1224, 1242 n. 26 (9th Cir.1980); but it is not an element of assault with a dangerous weapon, *United States v. Dupree*, 544 F.2d 1050, 1051 (9th Cir.1976). Because assault by striking, beating, or wounding contains an element that assault with a dangerous weapon does not contain, it is not a lesser-included offense of assault with a dangerous weapon. *Accord United States v. Estrada–Fernandez*, 150 F.3d 491, 495 (5th Cir.1998) (so holding); *United States v. Duran*, 127 F.3d 911, 915 (10th Cir.1997) (to the same effect).

Defendant argues that we should reach a different conclusion here because, on the particular facts of this case, the government in fact charged that Defendant had made physical contact with the victim, and the jury was so instructed. But *Schmuck* forecloses that argument by requiring a comparison of statutory elements rather than of the particular conduct in each case. 489 U.S. at 716, 109 S.Ct. 1443.

II. *The District Court's Self–Defense Instruction*

Next, Defendant argues that the district court's instruction on self-defense was inadequate. According to Defendant, the instruction did not clearly inform the jury

that the government bore the burden of disproving self-defense beyond a reasonable doubt and, therefore, impermissibly shifted to Defendant the burden of proving self-defense.

The district court gave this court's 1997 model instruction on self-defense which, as noted, did not state that the government bears the burden of proof on self-defense. In *United States v. Sanchez–Lima*, 161 F.3d 545, 549 (9th Cir.1998), this court concluded that a district court committed reversible error "by not specifically instructing the jury that the government had the burden of proof of disproving self-defense." Here, the district court gave a self-defense instruction that suffered from the same flaw as the instruction in *Sanchez–Lima*.[1]

We view individual jury instructions in context, not in isolation. *United States v. Dixon*, 201 F.3d 1223, 1230 (9th Cir.2000). Thus, the question remains whether the district court's jury instructions *as a whole* were adequate to instruct the jury properly on the burden of proof for self-defense. We conclude that they were not. First, under *Sanchez–Lima*, the district court's general instructions concerning the burden of proof did not remedy the inadequacy of the self-defense instruction. In that case, as here, the district court gave general burden-of-proof instructions; but, because those general instructions "d[id] not clearly indicate that they appl[ied] to the defective self-defense instruction," they were not sufficient to cure that defective instruction. *Sanchez–Lima*, 161 F.3d at 549.

The district court also included the second element of self-defense in its instructions on the elements of the charged of-

fenses, requiring the government to prove beyond a reasonable doubt that "the defendant used more force than was reasonably necessary in the circumstances." The government argues that, by adding that additional "element" to the charged offenses, the court adequately instructed the jury as to the correct burden of proof. We disagree.

The district court's hybrid "elements" instructions misstate the elements of the charged offenses and, more importantly, do not mention the first element of self-defense: that a defendant "reasonably believes that [the use of force] is necessary for the defense of oneself or another against the immediate use of unlawful force." 9th Cir.Crim. Jury Instr. 6.7, at p. 137 (West 2000). Accordingly, nothing in the district court's instructions informed the jury that the government bore the burden of proof on *that* element of the defense, as well as on the second element.

A reasonable juror might have believed that, as a predicate matter, Defendant was required to prove that he "reasonably believe[d]" that some use of force was necessary to protect himself, and only then would the government bear the burden of proving, as set out in the elements, that the amount of force was excessive. Indeed, by explicitly stating that the government bore the burden of proof on the second element of self-defense, and then giving a self-defense instruction that did not say anything about the burden of proof on the first element of self-defense, the district court inadvertently might have led the jury to conclude, by negative implication, that Defendant bore the burden of proof on that first element. Therefore, the jury instructions not only did not explicitly

---

1. The self-defense instruction in the current version of this circuit's model instructions has been amended to reflect the holding in *Sanchez–Lima*. The model instruction now states: "The government must prove beyond a reasonable doubt that the defendant did not act in reasonable self-defense." 9th Cir.Crim. Jury Instr. 6.7, at p. 137 (West 2000).

assign the burden of proof to the right party, they may have led the jury to assign the burden to the wrong party. Under *Sanchez–Lima*, the instructions are inadequate.

The government also argues that the error, if any, was harmless. " '[A]n error in criminal jury instructions requires reversal unless there is no reasonable possibility that the error materially affected the verdict or, in other words, that the error was harmless beyond a reasonable doubt.' " *United States v. Chu,* 988 F.2d 981, 985 (9th Cir.1993) (quoting *United States v. Rubio–Villareal,* 967 F.2d 294, 297 n. 3 (9th Cir.1992) (en banc)). Here, the district court's instructions were incomplete and may have misled the jury as to the burden of proof on at least one of the elements of self-defense. Self-defense was the crux of this case: Defendant never said that he had not stabbed John, only that the stabbing was justified in the circumstances. Because the erroneous instructions went to the heart of Defendant's primary defense, the error was not harmless beyond a reasonable doubt.

REVERSED and REMANDED.