**UNITED STATES of America,
Plaintiff—Appellee,**

**v.**

**Thomas M. BIDEGARY, Defendant—
Appellant.**

No. 01–10293.
D.C. No. CR–99–00006–DWH(RAM).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 15, 2002.

Decided April 5, 2002.

Before WALLACE, KOZINSKI, and PAEZ, Circuit Judges.

### MEMORANDUM *

Bidegary appeals from a judgment of conviction pursuant to 26 U.S.C. §§ 7206(1) and 7206(2), for willfully subscribing a false tax return and willfully causing the preparation and filing of false tax returns. The district court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

## I.

■ Bidegary first argues that the trial court committed reversible error in refusing to instruct the jury that his conduct was not willful under 26 U.S.C. § 7206 if he acted with negligence, gross inadvertence, careless disregard, justifiable excuse, mistake, or a good faith misunderstanding of the requirements of the law. We review a district court's formulation of jury instructions for an abuse of discretion. *United States v. Vallejo*, 237 F.3d 1008, 1024 (9th Cir.2001). "[W]hether a district court's instructions adequately covered a defendant's proffered defense [ ] is reviewed de novo." *United States v. Pierre*, 254 F.3d 872, 875 (9th Cir.2001).

A separate instruction on good faith is unnecessary where the trial court has adequately instructed the jury on specific intent. *See United States v. Solomon*, 825 F.2d 1292, 1297 (9th Cir.1987); *accord United States v. Dees*, 34 F.3d 838, 842–43 (9th Cir.1994); *United States v. Dorotich*, 900 F.2d 192, 194 (9th Cir.1990). The instructions given here adequately advised the jury of the specific intent required under sections 7206(1) and 7206(2), and they preclude a finding of willfulness if Bidegary acted through negligence, gross inadvertence, careless disregard, justifiable excuse, mistake, or a good faith misunderstanding of the requirements of the law. A separate good faith instruction was therefore not required. *Solomon*, 825 F.2d at 1297. *Cheek v. United States*, 498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991) is not to the contrary. It simply holds that willfulness in criminal tax prosecutions may be negated by a good faith misunderstanding of the legal duties imposed by the tax laws, even if the misunderstanding is not objectively reasonable. *Id.* at 200–02, 111 S.Ct. 604. The district court did not abuse its discretion, and the instructions given adequately covered Bidegary's good-faith defense argument.

## II.

■ Bidegary argues that constitutional error resulted when the jury was told that someone acts "willfully" when he acts intentionally with the purpose of violating a known legal duty. He says this fails to describe with sufficient specificity a section 7206 violation: the jury could have believed that the "known legal duty" was a duty to stay current with the tax law.

Jury Instructions 30 and 31 explicitly and correctly charged the jury with determining whether Bidegary willfully violated the duty not to file a return that is incorrect as to a material matter under section 7206(1). The known legal duty identified in section 7206(2) is the duty not to assist in the filing of fraudulent or false returns. *See United States v. Kellogg*, 955 F.2d 1244, 1248 (9th Cir.1992). Instructions 27, 28, and 29 correctly charged the jury with determining whether defendant willfully violated that duty. The jury was thus properly instructed as to the elements of the offenses, and there was no ambiguity as to what duties Bidegary was charged with violating.

## III.

■ Bidegary argues that his sentence was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the failure to use a special verdict form rendered unclear the jury's verdict in finding Bidegary guilty of each of the offenses. "As a general rule, the [trial] court has complete discretion over whether to have the jury return a special verdict or a general verdict." *Floyd v. Laws*, 929 F.2d 1390, 1395 (9th Cir.1991) (citations omitted). We review for an abuse of discretion the district court's refusal to use a special verdict

form. *See Landes Constr. Co. v. Royal Bank of Canada,* 833 F.2d 1365, 1374 (9th Cir.1987).

While the statutory maximum sentence for a violation of section 7206 is three years, Bidegary was sentenced to thirty-three months, three months shy of the maximum. 26 U.S.C. § 7206. Therefore, even if the district court considered facts not found by a jury beyond a reasonable doubt, the consideration did not result in a sentence that exceeded the prescribed statutory maximum, rendering *Apprendi* inapplicable. *See Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348.

Bidegary also cites *United States v. Jones,* 231 F.3d 508, 516–17, n. 5 (9th Cir.2000), for the proposition that special verdicts are encouraged. However, *Jones* specifically recommended the use of special verdicts in entrapment cases only. *Id.* Special verdicts in criminal trials have long been disfavored. *United States v. Shelton,* 588 F.2d 1242, 1251 (9th Cir.1978) (citations omitted). This is particularly true where, as here, the jury is instructed that it must unanimously find that at least one item on each return was materially false or fraudulent. *See United States v. Jessee,* 605 F.2d 430, 431 (9th Cir.1979) (citation omitted). There was no abuse of discretion.

## IV.

■ Bidegary next argues that the district court erred in upwardly enhancing his sentence for obstructing justice under U.S.S.G. § 3C1.1, because the false handwriting exemplar was not material to either the investigation or prosecution of his case. "We review de novo the district court's interpretation of the sentencing guidelines." *United States v. Jordan,* 256 F.3d 922, 926 (9th Cir.2001) (citing *United States v. Dixon,* 201 F.3d 1223, 1233 (9th Cir.2000)).

■ A false statement or attempted obstruction of justice need not actually obstruct justice or hinder the government's investigation in order to form the basis of a section 3C1.1 enhancement. *United States v. Baker,* 894 F.2d 1083, 1084 (9th Cir.1990). Further, "section 3C1.1 on its face encompasses 'attempted' obstruction of justice as well as actual obstruction." *Id.* (citation omitted). Thus, the district court did not err in upwardly adjusting Bidegary's sentence under U.S.S.G. § 3C1.1.

## V.

■ Bidegary also argues that the district court should not have admitted for impeachment purposes evidence of his past criminal convictions. We review for an abuse of discretion the district court's evidentiary rulings under Federal Rule of Evidence 609(a). *United States v. Jimenez,* 214 F.3d 1095, 1097–98 (9th Cir.2000).

Bidegary contends that the district court abused its discretion by admitting evidence of the convictions without specifying the theory under which the evidence was admissible. Bidegary then argues that the evidence should only be examined under Rule 609(a)(1), not 609(a)(2), because the crimes did not involve dishonesty or false statements. Bidegary then asserts that because the prejudice of the convictions outweighs their probative value, and because the convictions are more than ten years old, the evidence should have been excluded.

Federal Rule of Evidence 609(a)(1) provides that evidence of prior convictions may be admitted if the crime was punishable by imprisonment in excess of one year and if the court determines that the probative value of the evidence outweighs its prejudicial effect. Fed.R.Evid. 609(a)(1). Federal Rule of Evidence 609(b) provides

that a district court must balance the prejudicial and probative effects of the conviction if "more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date." Fed.R.Evid. 609(b).

Contrary to Bidegary's contentions, the district court was not ambiguous about the theory under which it ruled the prior convictions admissible. Because the district court adopted the government's position, it must have ruled the embezzlement conviction admissible as a crime of dishonesty under Rule 609(a)(2), and the sale of security without a permit conviction admissible as more probative than prejudicial under Rule 609(a)(1). The district court also adopted the government's position that the grand theft conviction was admissible under both 609(a)(1) and 609(a)(2).

We consider five factors "in balancing the probative value of a prior conviction against its prejudicial impact for purposes of Rule 609(a)(1)." *United States v. Alexander*, 48 F.3d 1477, 1488 (9th Cir.1995) (citation omitted). Considering the five factors and the descriptions of the prior crimes, the district court did not abuse its discretion in admitting evidence of Bidegary's convictions for grand theft and sale of a security without a permit. As described in the government's response to Bidegary's motion in limine, the prior offenses were indicative of dishonesty and deception, as they involved intentionally false representations and the failure to disclose important information about the "investment" plan. We conclude that the five factor test has been met. *See id.* Therefore, the district court did not abuse its discretion in admitting under Rule 609(a)(1) evidence of Bidegary's convictions for sale of a security without a permit and grand theft.

■ The district court also did not abuse its discretion in allowing evidence of Bidegary's embezzlement conviction under Rule 609(a)(2). Embezzlement is an enumerated crime of dishonesty under Rule 609(a)(2). *See United States v. Ortega*, 561 F.2d 803, 806 (9th Cir.1977). The district court's ruling was not an abuse of discretion.

## VI.

■ Bidegary argues that his conviction was not supported by sufficient evidence as to counts four, five, and six because the government failed in its burden of proving that he willfully violated the tax code. We review de novo claims of insufficient evidence. *United States v. Antonakeas*, 255 F.3d 714, 723 (9th Cir.2001). There is sufficient evidence to support a conviction if, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Bidegary argues that there was insufficient evidence to convict him on count six because the count is based solely on the improper claim of vehicle commuting mileage deductions, and the legality of these deductions was unclear. Although there was conflicting evidence on both the legality of the deduction and Bidegary's knowledge of the state of the law, a reasonable jury could have resolved the conflict in favor of the government, and a rational trier of fact could have found Bidegary's actions willful beyond a reasonable doubt. Therefore, there was sufficient evidence to support Bidegary's conviction on count six. This reasoning also dispenses with Bidegary's argument that there was insufficient evidence to support his conviction on count four, which was also based on the impropriety of deducting the commuting and vehicle expenses. There was sufficient evidence to support a finding that Bidegary

knew commuting and tool hauling expenses were not deductible.

Finally, Bidegary challenges the sufficiency of the evidence as to count five, which charges the improper deductions of vehicle expenses and charitable contributions. Bidegary again argues the lack of sufficient evidence of willfulness to support his conviction. Even if the charitable contribution deductions were not improper, this count includes charges of improper vehicle expense deductions. There was evidence sufficient for a rational trier of fact to find that these improper vehicle deductions were willfully made. That is enough to support Bidegary's conviction on count five. Bidegary's challenges to the sufficiency of the evidence fail.

AFFIRMED.