**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Scott BENNETT, David Bennett, and Ellen Bennett, Defendants—
Appellants.**

**Nos. 01–10575, 01–10576, 01–10689.**

**D.C. No. CR–99–00145–PMP.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 11, 2002.

Decided Sept. 26, 2002.

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before KOZINSKI and KLEINFELD, Circuit Judges, and BEISTLINE,* District Judge.

## MEMORANDUM**

Scott Bennett (01–10575), David Bennett (01–10576), and Ellen Bennett (01–10689)

* The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

appeal their convictions, after a joint trial, for one count of conspiracy to defraud the United States, 18 U.S.C. § 371, and David Bennett also appeals his sentence. We affirm.

Claims of insufficient evidence are reviewed *de novo*. *See United States v. Antonakeas*, 255 F.3d 714, 723 (9th Cir. 2001). Viewed in the light most favorable to the prosecution, we conclude that the government presented ample evidence to establish that Scott and Ellen Bennett intended to commit fraud. Although they claim that they believed Arthur when he said that the staged death was part of a government-approved overseas covert operation, they knew that Arthur did not go anywhere but stayed in this country and indeed went on a vacation with the family. Nevertheless, Scott and Ellen Bennett asked no questions and continued to share in the illegally obtained government benefits.

Whether a trial court's instruction adequately covered a defendant's proffered defense is reviewed *de novo*. *See United States v. Pierre*, 254 F.3d 872, 875 (9th Cir.2001). David and Ellen Bennett argue the district court failed to accept their proffered apparent authority instruction. However, even if an apparent authority instruction were required, which does not appear to be the case, *see United States v. Burrows*, 36 F.3d 875, 881–82 (9th Cir. 1994), the instructions provided to the jury—requiring a finding that the defendants acted with "intent to deceive and cheat"—allowed Appellants to make this argument. *See United States v. Lee*, 589 F.2d 980, 985–86 (9th Cir.1979).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

A district court's rulings on objections to alleged prosecutorial misconduct are reviewed for an abuse of discretion. *United States v. Sarkisian,* 197 F.3d 966, 988 (9th Cir.1999). Any prosecutorial misconduct that may have occurred, including the alleged impermissible reference to biblical authority and future punishment, was cured by the district court's immediate and accurate curative instructions to the jury.

■ The decision to grant a downward departure adjustment for a minor role is reviewed under a clearly erroneous standard. *United States v. Pena–Gutierrez,* 222 F.3d 1080, 1091 (9th Cir.), *cert. denied,* 531 U.S. 1057, 121 S.Ct. 670, 148 L.Ed.2d 570 (2000). We find that there is ample evidence in the record to establish that David Bennett played a significant role in the offense and that the trial court's decision not to grant a downward departure was not clearly erroneous. The evidence showed that David checked Arthur into a Motel 6 to allow Arthur to recuperate after the trailer explosion. David attended the family planning meetings, played his part as an aggrieved brother at the military funeral service, repeatedly cooperated with other family members to lie to investigators, and shared in the fraudulently obtained death benefits.

The remainder of Appellants' arguments, namely: (1) that the district court erred in denying David Bennett's motion for a mistrial due to attacks made on defense counsel by a witness; (2) that the district court plainly erred in failing to grant a mistrial based on cumulative error; and, (3) any and/or all remaining arguments not mentioned herein, are, on their face, without merit.

**AFFIRMED.**