**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gary Paul EAGLEMAN, Defendant–Appellant.**

No. 02–30120.

D.C. No. CR–01–00060–SEH.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 11, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Gary Paul Eagleman appeals his conviction and thirty-month sentence for sexual abuse of a minor, in violation of 18 U.S.C. §§ 1153 and 2243(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

Eagleman contends that the district court erred in excluding opinion testimony of a defense witness regarding the victim's truthfulness. We agree that the district court erred in excluding the testimony. *Cf. United States v. Nace,* 561 F.2d 763, 771 (9th Cir.1977); *see also* Fed.R.Evid. 608(a).

The parties disagree about the standard this Court should use to determine whether the district court's error warrants reversal. *Compare United States v. Pierre,*

254 F.3d 872, 877 (9th Cir.2001) (stating an error of constitutional magnitude must be reversed unless the error was harmless beyond a reasonable doubt), *with United States v. Morales,* 108 F.3d 1031, 1040 (9th Cir.1997) (stating an error that is not of constitutional magnitude must be reversed only if it is more probable than not that the error materially affected the verdict) (en banc).

Under either standard, we affirm. The jury was able to consider other evidence that attacked the victim's credibility and the record overwhelmingly supports the jury's guilty verdict. Thus, the district court's exclusion of the defense witness' additional opinion testimony was harmless beyond a reasonable doubt and does not require reversal. *See Pierre,* 254 F.3d at 877.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.