**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose Luis GARCIA, Defendant–Appellant.**

No. 01–50705.

D.C. No. CR–01–01986–JNK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2002.

Decided Jan. 10, 2003.

Before CANBY, GOULD, and BERZON, Circuit Judges.

## MEMORANDUM *

Defendant Jose Luis Garcia appeals his conviction and sentence for violating 8 U.S.C. § 1326, which prohibits previously deported aliens from attempting to enter the United States without the consent of

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

the Attorney General. Garcia argues that the district court committed reversible error by (1) refusing to give his requested theory of the defense instruction, (2) improperly admitting hearsay documents, (3) allowing a lay witness to give expert testimony, and (4) incorrectly awarding a 16-level sentence enhancement. We affirm Garcia's conviction but remand the sentence to the district court for resentencing.

■ Garcia contends that the district court should have instructed the jury that Garcia's theory of the defense was that he believed that he was a United States citizen and therefore that he was authorized to enter the United States. Because of the failure to instruct the jury as to the defense theory, Garcia argues, the jury was not informed of the requirement that Garcia possess a subjective intent to enter the United States without consent.

Garcia's argument is flawed, however, because the instructions the court gave adequately covered Garcia's defense theory.[1] A court's failure to give a theory of the defense instruction is not error if other instructions adequately cover the defense theory. *See United States v. Mason,* 902 F.2d 1434, 1438 (9th Cir.1990). Jury instruction # 12 stated that the government must prove beyond a reasonable doubt that "[d]efendant had the conscious desire to reenter the United States without consent." That instruction adequately covered Garcia's theory that he thought he had consent, because he thought he was a citizen.

■ Garcia next argues that the district court erred by admitting a fingerprint card used to prove that references to a legalization application contained in his Alien Reg-

istration File, or A–File, actually referred to a person named Jose Ruben Vasquez–Garcia rather than to Garcia. Garcia charges that the fingerprint card was hearsay and should have been excluded.

We agree with Garcia that the document was hearsay. The card was submitted in order to show that the registration number and street address on the card both corresponded to those of Vasquez–Garcia. Thus, the document was hearsay because it was intended to prove that the statements it contained were truthful.

■ The error resulting from the admission of the document, however, was harmless in light of the overwhelming evidence that Garcia knew that he was not a citizen and therefore knew he did not have permission to enter the United States. At two prior deportation hearings, Garcia admitted that he was not a citizen of the United States and also that he had a Mexican birth certificate. In addition, the jury heard evidence that Garcia had been previously ordered deported, and that he had been previously deported. A defendant's previous deportation establishes a presumption that the defendant knows that he is not entitled to reenter the United States. *See, e.g., United States v. Torres–Echavarria,* 129 F.3d 692, 698 (2d Cir. 1997) ("[D]eportation itself is sufficient to impress upon the mind of the deportee that return is forbidden."). Finally, all of these events occurred after the date of the legalization application, and after the date upon which he was adopted by his uncle, a United States citizen, which undercuts Garcia's contention that he believed that he had acquired citizenship as a result of the combination of his adoption and his legalization application.[2] Furthermore,

---

1. We review de novo a claim that jury instructions did not cover the defense theory. *United States v. Pierre,* 254 F.3d 872, 875 (9th Cir.2001).

2. Garcia contends that INS officials had discussed setting up a meeting with him regarding his adoption following his admissions of deportability. Garcia insists that the evidence

**256**

Garcia failed to provide any evidence of his own state of mind that would have suggested that he believed that he was a citizen. Thus, admission of the fingerprint card was harmless.

■ Nor does the admission of the fingerprint card require reversal under Rule 16 of the Federal Rules of Criminal Procedure. Garcia has not shown that he was prejudiced by the government's failure to turn over the fingerprint card earlier in the proceedings. *See United States v. Figueroa–Lopez*, 125 F.3d 1241, 1247 (9th Cir.1997) (requiring a showing of prejudice to justify reversal for a Rule 16 violation). First, the admission of the card did not prejudice Garcia because there was abundant evidence presented at trial, even in the absence of the fingerprint card, that permitted the jury to conclude that Garcia knew he was not a citizen. Second, Garcia presents no basis for concluding that earlier disclosure would have caused him to change his defense, or that any alternative defenses would have had a reasonable probability of success. *See United States v. de Cruz*, 82 F.3d 856, 866–67 (9th Cir. 1996) (holding that a defendant was not prejudiced by a Rule 16 violation when the defendant could not explain how timely disclosure would have changed the defense's tactics or strategy). Garcia did not suffer prejudice.

■ Garcia's third argument is that the prosecution committed misconduct by eliciting expert opinion testimony from one of the prosecution's witnesses, Immigration Inspector Johnny Armijo, even though he was never certified as an expert. We conclude that Armijo did not give expert testimony.[3] Armijo testified as the custodian of records regarding the documents contained in Garcia's A–File. As a records custodian, Armijo was authorized to testify about the contents of the file, and to explain the meaning of those contents to the jury. *See, e.g., NLRB v. First Termite Control Co., Inc.*, 646 F.2d 424, 427 (9th Cir.1981). He did not give opinion testimony but merely identified and explained the contents of certain documents in Garcia's A–File to the jury. Armijo's testimony about the file and about the general nature of deportation proceedings was based on his first-hand knowledge. Thus, his testimony was permissible.

■ With respect to Garcia's 16–level sentence enhancement, the government concedes that Garcia was sentenced according to guidelines that had been superseded by the time of the sentencing. The government also concedes that under the guidelines that were in force on the date of sentencing, Garcia's prior conviction for second-degree burglary in violation of Cal.Penal Code § 459 does not justify a 16–level enhancement.

The government contends, however, that Garcia has two other prior convictions for violations of Cal.Penal Code § 245, each of which independently justifies a 16–level enhancement. Because the district court did not rely on those convictions in awarding the enhancement, the government acknowledges that the issue should

concerning the meeting could have caused him to believe that his adoption changed his legal status and allowed him to enter the country, even if he previously admitted his alien status. The jury, however, heard no evidence indicating that Garcia's knowledge that he was adopted caused him to believe that he was entitled to enter the United States. Additionally, other testimony at trial revealed that adoption by a citizen is not sufficient to confer citizenship but merely makes an individual eligible for citizenship.

3. Because Garcia did not object during trial, we review the claim of prosecutorial misconduct for plain error. *United States v. Cabrera*, 201 F.3d 1243, 1246 (9th Cir.2000).

be remanded to the district court for re-sentencing. We agree. Because Garcia's prior § 245 convictions are not before us, and because they were not considered by the district court at the original sentencing hearing, we will not consider them in the first instance. Thus, we vacate the sentence and remand to the district court for resentencing in light of the current guidelines.[4]

AFFIRMED in part; VACATED in part; REMANDED.

---

4. Garcia's argument that his sentencing enhancement violates the rule of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is foreclosed by our decision in *United States v. Arellano–Rivera,* 244 F.3d 1119, 1126–27 (9th Cir.2001), *cert. denied,* 535 U.S. 976, 122 S.Ct. 1450, 152 L.Ed.2d 392 (2002).

