**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Anthony Joseph BIER, Defendant–**
**Appellant.**

**No. 06–10463.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 15, 2007.

Filed June 15, 2007.

Ellen V. Endrizzi, Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Linda C. Harter, Federal Public Defender's Office, Sacramento, CA, for Defendant–Appellant.

Before: B. FLETCHER, SILER *, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Defendant-appellant Anthony Joseph Bier ("Bier") was charged with two counts of knowingly and willfully threatening to take the life of the President, in violation of 18 U.S.C. § 871(a). Following a jury trial, he was convicted of both counts. The district court sentenced him to forty-one months imprisonment, one year of supervised release, and a $200 special assessment.

On appeal, Bier argues that the Ninth Circuit's interpretation of § 871(a) is overbroad; that the district court improperly applied U.S.S.G. § 3A1.2; and that the forty-one-month sentence imposed by the district court was unreasonable.

We discuss these three contentions in turn, and affirm Bier's conviction and sentence.

### I.

The district court instructed the jury that to convict Bier under 18 U.S.C.

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 871(a) they were required to find that the government had proved two elements beyond a reasonable doubt: first, that the "defendant knowingly and willfully threatened, in writing, to kill the President of the United States" and second, that "under the circumstances in which the threat was made, a reasonable person would foresee that it would be understood by persons reading it as a serious expression of an intention to kill the President of the United States." The court further instructed the jury:

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake or accident. . . . The willfulness requirement of 18 United States Code Section 871(a) requires only that the defendant intentionally make a statement, written or oral, in a context or under such circumstances wherein a reasonable person would foresee that the statement would be interpreted by those to whom the maker communicates the statement as a serious expression of an intention to inflict bodily harm upon or to take the life of the President, and that the statement not be the result of mistake, duress or coercion.

This definition of willfulness comes, verbatim, from *Roy v. United States*, 416 F.2d 874, 877–78 (9th Cir.1969). And, as Bier acknowledges, we have relied repeatedly on this objective test to determine whether a "true threat" has been made in violation of § 871(a). *See, e.g., United States v. Lincoln*, 403 F.3d 703, 706 (9th Cir.2005); *United States v. Romo*, 413 F.3d 1044, 1051 (9th Cir.2005); *United States v. Mitchell*, 812 F.2d 1250, 1255–56 (9th Cir. 1987), *overruled on other grounds by Planned Parenthood v. Am. Coalition of Life Activists*, 290 F.3d 1058, 1066–70 (9th Cir.2002) (en banc); *see also Watts v. United States*, 394 U.S. 705, 708, 89 S.Ct. 1399, 22 L.Ed.2d 664 (1969) (per curiam)

(stating that willfulness requires, at a minimum, that the Government prove a "true threat").

We need not consider Bier's argument that the subjective intent to threaten is a necessary requirement to show willfulness because the undisputed evidence makes clear that Bier intended for his statements to be threatening. Thus, even if the subjective intent to threaten were constitutionally required, the district court's failure to instruct the jury of this was harmless. *Cf. United States v. Pierre*, 254 F.3d 872, 877 (9th Cir.2001) (describing the harmless error standard).

II.

In calculating Bier's advisory sentencing guidelines range, the district court included a six-level enhancement pursuant to U.S.S.G. § 3A1.2. That section of the guidelines calls for a six-level adjustment when the victim is a government officer or employee, the "offense of conviction was motivated by such status," and the offense was a threatening communication.

Bier argues that the enhancement was improper because the President did not suffer any harm and therefore should not be considered the victim of Bier's communication. We disagree. In a case like this, the President may still be considered an official victim for the purposes of U.S.S.G. § 3A1.2. *See United States v. Hines*, 26 F.3d 1469, 1476 (9th Cir.1994) (citing *United States v. McCaleb*, 908 F.2d 176, 178–79 (7th Cir.1990), for the proposition that the President can be the official victim for the purposes of U.S.S.G. § 3A1.2 even if he was not aware of the existence of the threat); *United States v. McAninch*, 994 F.2d 1380, 1386 (9th Cir.1993) (stating that "a sentencing enhancement based on the fact that the President was the recipient of

a threat is easily supportable because of the response the threat necessarily provokes in those whose responsibility it is to protect the chief of state"); *see also* U.S.S.G. § 3A1.2, comment. n. 5 ("If the official victim is an exceptionally high-level official, such as the President or the Vice–President of the United States, an upward departure may be warranted due to the potential disruption of the governmental function.").

### III.

■ Finally, Bier argues that his sentence is unreasonable. *Cf. United States v. Cantrell,* 433 F.3d 1269, 1279–80 (9th Cir.2006) (describing the appropriate standard of review); *United States v. Plouffe,* 445 F.3d 1126 (9th Cir.2006).

The district court judge made clear that he understood the sentencing guidelines to be advisory, rather than mandatory. He also noted the need to consider all of the factors contained in 18 U.S.C. § 3553, and provided specific reasons for his decision to sentence Bier to forty-one months imprisonment.

■ Upon careful review of the record, we find that the district court's factual findings were not clearly erroneous, and that the district court properly contemplated the evidence presented in light of the factors enumerated in § 3553(a). The fact that a shorter sentence might also have been reasonable given Bier's mental capacity does not render the sentence imposed here unreasonable.

AFFIRMED.