**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 15 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10133 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-08073-PGR-1 |
| v. | |
| NATHAN BROOKS MANUELITO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, Senior District Judge, Presiding

Submitted March 13, 2012[**]
San Francisco, California

Before: McKEOWN and M. SMITH, Circuit Judges, and ROTHSTEIN, Senior
District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Barbara Jacobs Rothstein, Senior District Judge for the
U.S. District Court for Western Washington, sitting by designation.

Defendant-Appellant Nathan Brooks Manuelito appeals his conviction for intentional and reckless assault, resulting in serious bodily injury. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Manuelito argues that the self-defense jury instruction was erroneous because it did not explicitly state that the government has the burden of disproving each of the three elements of self-defense beyond a reasonable doubt. The government first contends that Manuelito waived this argument under the "invited error" doctrine because he requested the model jury instruction that the court provided to the jury. *See United States v. Guthrie*, 931 F.2d 564, 567 (9th Cir. 1991) ("When the defendant himself proposes the jury instruction he later attacks on appeal, review is denied under the 'invited error' doctrine."). We disagree. The invited error doctrine only applies if the defendant was aware that he was relinquishing a known right. *See United States v. Romm*, 455 F.3d 990, 1004 n.17 (9th Cir. 2006). There is no evidence in the record that Manuelito's trial counsel believed that the model jury instructions were flawed.

As to the merits of Manuelito's argument, we agree with the government that the trial court properly instructed the jury. The trial court used this circuit's

2

Model Criminal Jury Instruction 6.7, which states that the government "must prove beyond a reasonable doubt that the defendant did not act in reasonable self-defense." In *United States v. Ramirez*, 537 F.3d 1075, 1083 (9th Cir. 2008), we stated that this model jury instruction "properly informed the jury that the government bore the burden of disproving [the defendant's] defense." Manuelito relies on *United States v. Pierre*, 254 F.3d 872 (9th Cir. 2001) and *United States v. Sanchez -Lima*, 161 F.3d 545 (9th Cir. 1998), in which we reversed convictions because of improper self-defense jury instructions. However, those cases are inapposite because they involved an older version of the self-defense model jury instruction that did not specifically instruct the jury that the government had the burden of disproving self-defense. Indeed, in *Pierre*, we stated that the revised jury instruction, used in Manuelito's case, "has been amended to reflect the holding in *Sanchez-Lima*." 254 F.3d at 876, n.1. Accordingly, the jury instruction was appropriate, and we affirm Manuelito's conviction.

    **AFFIRMED.**