**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 25 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-50056 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00712-JFW-1 |
| v. | |
| WALTER DANIEL PREZIOSO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted April 11, 2019
Pasadena, California

Before: RAWLINSON and MURGUIA, Circuit Judges, and GILSTRAP,** District Judge.

Appellant Walter Prezioso was convicted of tax fraud and sentenced to 24 months imprisonment. Prezioso appeals his conviction and requests a retrial. He also objects to the District Court's use of acquitted and uncharged conduct in

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable James Rodney Gilstrap, United States District Judge for the Eastern District of Texas, sitting by designation.

sentencing on Sixth Amendment grounds. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

## I. Jury Instructions

Whether a jury instruction should have been given in the first place is reviewed for abuse of discretion. *United States v. Heredia*, 483 F.3d 913, 921 (9th Cir. 2007). "We review *de novo* whether the . . . instructions misstated or omitted an element of the charged offense." *United States v. Chi Mak*, 683 F.3d 1126, 1133 (9th Cir. 2012). A district court's specific formulation of the instructions is reviewed for abuse of discretion. *Id.* If a party fails to object to jury instructions in accordance with Federal Rule of Criminal Procedure 30(d), we review for plain error. *United States v. Anderson*, 741 F.3d 938, 945 (9th Cir. 2013).

"[T]he relevant inquiry is whether the instructions as a whole are misleading or inadequate to guide the jury's deliberation." *Anderson*, 741 F.3d at 947. The instructions are viewed "in context, not in isolation." *United States v. Pierre*, 254 F.3d 872, 876 (9th Cir. 2001).

Prezioso was charged with tax fraud, which requires a showing of willfulness. *Cheek v. United States*, 498 U.S. 192, 200 (1991). The District Court gave two instructions on willfulness. The first instruction was agreed to by the parties and

---

[1] We assume the parties' familiarity with the facts and procedural history of this case.

defined willful intent. The second was an advice-of-accountant instruction requested by the Government and objected to by defense counsel, which stated:

> One element that the government must prove beyond a reasonable doubt is that the defendant had the unlawful intent to subscribe to income tax returns that were false as to a material matter. Evidence that the defendant in good faith followed the advice of an accountant would be inconsistent with such an unlawful intent. Unlawful intent has not been proved if the defendant, before acting, made full disclosure of all material facts to an accountant, received the accountant's advice as to the specific course of conduct that was followed, and reasonably relied on that advice in good faith.

In the context of criminal tax cases, a defendant has not acted willfully if he operates in good faith on a mistaken understanding of the law, no matter how unreasonable it may be. *Cheek*, 498 U.S. at 201–03. Prezioso argues that the advice-of-accountant instruction should have included this "good faith" caveat and by omitting such, the instruction sent mixed messages to the jury.

Based on the record, the District Court did not err in giving the advice-of-accountant instruction in the first instance. Prezioso's primary defense at trial was that he did not willfully violate the tax laws because he relied on the advice of his accountants. *See United States v. Walter-Eze*, 869 F.3d 891, 909 (9th Cir. 2017). The instruction was also a correct statement of law. This Circuit has explicitly rejected the contention that such an instruction must include a caveat that an incomplete disclosure to an accountant is sufficient if made in good faith. *United States v. Bishop*, 291 F.3d 1100, 1107 (9th Cir. 2002).

3

## II. Exclusion of Expert

We review a district court's decision to admit or exclude expert testimony for abuse of discretion. *United States v. Christian*, 749 F.3d 806, 810 (9th Cir. 2014). Expert testimony is admitted only if it will "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993).

We find that the District Court did not err in excluding defense expert, Martin Laffer, whose intended testimony addressed the duties of accountants and their conformity with those standards. Under the specific facts of this case, the conduct of Prezioso's accountants has no bearing on whether Prezioso acted willfully.

## III. Admission of Prior Testimony

"We review the district court's decision on the Rule of Completeness for an abuse of discretion." *United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014). "[W]hether a district court's evidentiary rulings violated a defendant's constitutional rights" is reviewed *de novo*. *United States v. Waters*, 627 F.3d 345, 352 (9th Cir. 2010).

The Government moved to introduce parts of Prezioso's cross-examination from the first trial in its case-in-chief at the second trial. Prezioso argued that the selections were misleading and objected on the basis of Federal Rule of Evidence 106, the Fifth Amendment, and due process. The District Court overruled the

objections.

The District Court did not err in finding that Rule 106 did not apply. Notably, the Government read into the record those portions of Prezioso's prior testimony from the parallel civil suit that set forth his complete defense, thereby making any possible error harmless. The court also did not err in excluding Prezioso's prior exculpatory statements and such did not *ipso facto* equate to a contravention of his Fifth Amendment rights against self-incrimination. Neither was there evidence of a due process violation.

## IV.  Sentencing

This Circuit's precedent permits the use of acquitted and uncharged conduct in sentencing.  *See, e.g.*, *United States v. Barragan*, 871 F.3d 689, 716 (9th Cir. 2017).  Any three-judge panel of this Court is bound by that precedent to reject Prezioso's objection.

**AFFIRMED.**