**UNITED STATES of America,
Appellee,**

v.

**Arthur T. TAITANO and Jane K.
Fujiwara, Appellants.**

**No. 25952.**

United States Court of Appeals,
Ninth Circuit.

May 11, 1971.

Howard G. Trapp (argued), of Trapp & Gayle, Agana, Guam, for appellants.

Duane K. Craske (argued), U. S. Atty., Agana, Guam, for appellee.

Before KOELSCH, CARTER and KILKENNY, Circuit Judges.

KILKENNY, Circuit Judge:

In a nine count indictment, appellants were charged with knowingly transporting from Honolulu to Guam, on two separate occasions, two women for purposes of prostitution in violation of 18 U.S.C. § 2421 of the Mann Act. The first violation occurred on September 21, 1968 (Count I); the second on September 6, 1969 (Count II). Appellants were also charged with violations of 18 U.S.C. §§ 2422 and 1952 for both the 1968 and 1969 transportations. The jury found Taitano not guilty on the three counts relating to the 1969 incident (Counts II, III and V), but guilty on all counts relating to the 1968 transportation (Counts I, IV, VI and VIII). Fujiwara was found guilty on all counts concerning both transportations (Counts I, II, III, VI, VII, VIII and IX). This appeal followed. We affirm.

## FACTS

The government's case consisted primarily of the testimony of the four prostitutes named in the indictment, who in essence told of the appellants inducing them to come to Guam for purposes of prostitution. The defense consisted entirely of the testimony of four prominent men, including two Guam legislators and the Attorney General of Guam, who contradicted the evidence presented by the "girls" by denying that they had ever had intercourse with them. The appellants did not take the stand, nor do they challenge the sufficiency of the evidence to sustain the convictions.

## CONTENTIONS

Appellants contend that: (I) the prosecutor in his closing argument commented on their failure to testify and that such comment deprived them of a fair trial; (II) Counts VIII and IX of the indictment did not state an offense against the United States; and (III) consecutive sentences were improperly imposed for the same offense.

### I.

After a highly inflammatory closing argument by defense counsel challenging the integrity of the government's witnesses, the prosecutor in his response said, among other things, "You look at that indictment and see whether these defendants have told you they haven't done what we have charged and I submit to you you will find nothing." While we do not approve of this type of argument, we do not believe it was " * * * 'manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify.' ", the test set out in Hayes v. United States, 368 F.2d 814, 816 (9th Cir. 1966). The argument refers only to the appellants' complete failure to refute the charges of transporting the prostitutes to Guam. Nothing is said, except possibly by remote inference,

about the failure of the appellants to take the witness stand. Hence, this is not a case such as Fontaine v. California, 390 U.S. 593, 88 S.Ct. 1229, 20 L. Ed.2d 154 (1968); Anderson v. Nelson, 390 U.S. 523, 88 S.Ct. 1133, 20 L.Ed.2d 81 (1968); and Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), where the prosecutor's comment on the failure to testify was extensive and the inference of guilt from silence was stressed to the jury. Rather, the statement of the prosecutor here is more akin to those before the court in United States v. Cox, 428 F.2d 683, 688 (7th Cir. 1970), cert. denied 400 U.S. 881, 91 S.Ct. 127, 27 L.Ed. 120 (1970); United States v. Altavilla, 419 F.2d 815, 817 (9th Cir. 1969); United States v. Hephner, 410 F.2d 930, 936 (7th Cir. 1969); Miller v. United States, 410 F.2d 1290, 1296 (8th Cir. 1969), cert. denied 396 U.S. 830, 90 S.Ct. 81, 24 L.Ed.2d 80 (1969); and Samuels v. United States, 398 F.2d 964, 965 (5th Cir. 1968), cert. denied 393 U.S. 1021, 89 S.Ct. 630, 21 L.Ed.2d 566 (1969), where in each case it was held that the remarks of the prosecutor were not prejudicial.

Fortifying our belief that the remarks of the prosecutor were innocuous in this case is the fact that the trial judge carefully instructed the jury on the constitutional right of the appellants not to testify, thereby curing any possible prejudice.[1] Additionally, we note that counsel for appellants made no objection to the remarks until appellants filed a motion for a new trial after return of the guilty verdicts. On the record before us, we cannot say that the prosecutor's argument constituted plain error. Hayes v. United States, 407 F.2d 189 (5th Cir. 1969), cert. dismissed 395 U.S. 972, 89 S.Ct. 2133, 23 L.Ed.2d 777 (1969), and other cases cited by appellants, do not support their position.

## II.

Next, appellants argue that 18 U.S.C. § 1952 does not apply to a territory such as Guam. This section is the basis of the offenses charged in Counts VIII and IX. 18 U.S.C. § 5,[2] first called to our attention during oral argument, resolves this issue against appellants.

## III.

Appellants contend that the court improperly imposed consecutive sentences on certain counts which, in appellants' view, allege the same offense. Taitano claims that Counts I and II charge him with the same offense as is charged in Count VI; Fujiwara claims that Counts I, II and III charge her with the same offense as is alleged in Counts VI and VII. The counts involve 18 U.S.C. §§ 2421 and 2422, respectively.

In Batsell v. United States, 403 F.2d 395, 400 (8th Cir. 1968), cert. denied 393 U.S. 1094, 89 S.Ct. 865, 21 L.Ed.2d 785 (1969), it was held that the offenses proscribed by sections 2421 and 2422 are "separate and distinct." We have carefully analyzed the provisions of these two sections, and adopt *Batsell* as the law of our circuit on this issue. The consecutive sentences were not improper.

Affirmed.

---

1. "It is the Constitutional right of the defendants in a criminal trial that they may not be compelled to testify. Thus, the decision as to whether they should testify is left to the defendants, acting with the advice and assistance of their attorney. You must not draw any inference of guilt from the fact that the defendants do not testify, nor should this fact be discussed by you or enter into your deliberations in any way." (T.R., p. 621.)

2. "The term 'United States,' as used in this title in a territorial sense, includes all places and waters, continental or insular, subject to the jurisdiction of the United States, except the Canal Zone."