UNITED STATES of America, Appellee,

v.

Edward Francis KUNTZWEILER, Appellant.

No. 73–1738.

United States Court of Appeals, Ninth Circuit.

Nov. 6, 1973.

Anthony J. Raineri (argued), Joseph C. Raineri, Sr. (argued), Phoenix, Ariz., for appellant.

Patricia Whitehead, Asst. U. S. Atty. (argued), William C. Smitherman, U. S. Atty., Phoenix, Ariz., for appellee.

## OPINION

Before CHAMBERS and DUNIWAY, Circuit Judges and SCHWARTZ,* District Judge.

SCHWARTZ, District Judge:

Appellant was convicted of conspiracy to manufacture amphetamine and methamphetamine ("speed") in violation of Title 18 U.S.C. § 371 following a jury trial. He attacks his conviction on numerous grounds.

He first contends that the government's failure to inform him before the trial was over that charges against one co-conspirator, Brazil, had been dismissed was a "surreptitious nondisclosure" and an "unfair tactic" which deprived him of a fair trial. The cases cited by the appellant are inapposite. They involve the withholding of either evidence exculpatory of the accused, e. g., Barbee v. Warden, Maryland, 331 F. 2d 842 (4th Cir., 1964), or evidence tending to impeach the credibility of government witnesses, e. g., Mesarosh v. United States, 352 U.S. 1, 77 S.Ct. 1, 1 L.Ed.2d 1 (1956). While evidence of dismissal of charges against a witness might fall within the latter category, Brazil was not called as a witness by either side. Thus, there was no testimony to impeach.

Appellant next complains that the government improperly commented on his failure to testify. During closing argument defense counsel attacked the government for not producing certain records of sales to the defendant kept by Payne, a co-conspirator and the key government witness. The government responded that the defense could have sub-

---

* The Honorable Edward J. Schwartz, United States District Judge for the Southern District of California, sitting by designation.

poenaed the records themselves. It was in this context that the following comment was made:

> Finally, the defendant complains that we didn't give them the copies of their records.
>
> Well, it is hard to know what records are missing and it is true that the defendant has no duty to put on any evidence and they never do, and that is the way it should be, but they do have the power of subpoena, and if they thought there was something wrong, something crooked about the records, they could have brought them in.

Thus, it is apparent from the record that the comment was not directed at the defendant's decision not to testify, was invited by defense counsel's argument, was not objected to by defense counsel, and, if erroneous, was harmless error. United States v. Taitano, 442 F. 2d 467 (9th Cir. 1971).

■ Appellant's principal attack on his conviction is claimed insufficiency of the evidence to show conspiracy. Taking the evidence presented in the light most favorable to the government, the following facts emerge: Appellant purchased distillation equipment capable of use in producing illegal stimulants from a Mr. Edward Goldstein; appellant told Goldstein that he was working on a process that would make him a lot of money. Goldstein obtained the equipment for Kuntzweiler on the request of Payne, a co-conspirator, with whom Goldstein had previously worked. Payne told Goldstein that he was buying the equipment as a favor to Kuntzweiler. There was evidence of substantial chemical purchases by appellant from Payne and others. Appellant told Payne that the chemicals might be used to make "speed" and that he was having trouble getting the formula. Expert testimony indicated that there was no use for phenol-2-propanone, one of the chemicals appellant bought from Payne, other than the manufacture of amphetamines. Co-conspirator Brazil paid Payne for this chemical in cash, Kuntzweiler taking delivery of the chemical. Appellant offered Payne "speed" in payment for the chemicals and Payne, knowing the purpose for which they were bought, marked sales receipts "cash" and used an alias for appellant in his sales records to avoid identifying the true purchaser. Brazil, Kuntzweiler and Payne jointly decided that the records should be falsified. The evidence of conspiracy was sufficient.

■ Finally, appellant attacks the affidavit supporting a warrant to search his premises for LSD, and makes the related claim that there was no probable cause to believe that the items seized were evidence or instrumentalities of crime. The affidavit contained information received from an informant who had proved reliable on several past occasions. He had seen LSD in appellant's possession at the searched premises and in appellant's 1960 automobile. Additionally, known drug users had been seen entering and leaving the apartment. This information was sufficient to provide the basis for a finding of probable cause under the standards of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

Hence, the officers were acting pursuant to a lawful warrant to search for and seize a dangerous drug processed and manufactured in violation of state and federal law.

■ They did not find LSD, but rather found the chemicals, equipment and formulae necessary for the manufacture of methamphetamine, a dangerous drug. Some of the same chemicals were usable to make LSD. A chemist, called to the scene before the items were seized, advised the officers that all the ingredients required to make methamphetamine were present and that they constituted an immediate hazard as then stored. The officers thereupon lawfully seized the contraband and dangerous objects which they had discovered in the execution of a validly issued search war-

rant. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

Having found none of appellant's grounds to be meritorious, we affirm.

Judgment affirmed.