# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

RONALD CHARLES PEPPERS,
        *Defendant-Appellant.*

No. 11-30322

D.C. No.
4:11-cr-00042-
SEH-1

OPINION

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted
August 7, 2012—Seattle, Washington

Filed October 17, 2012

Before: Susan H. Black,* Susan P. Graber, and
Johnnie B. Rawlinson, Circuit Judges.

Per Curiam Opinion

*The Honorable Susan H. Black, United States Senior Circuit Judge for
the Eleventh Circuit, sitting by designation.

## COUNSEL

R. Henry Branom, Jr., Assistant Federal Defender, Federal Defenders of Montana, Great Falls, Montana, for the defendant-appellant.

Jessica A. Betley, Assistant United States Attorney, United States Attorney's Office, Great Falls, Montana, for the plaintiff-appellee.

## OPINION

PER CURIAM:

Ronald Charles Peppers appeals his conviction for assaulting a federal officer, in violation of 18 U.S.C. § 111(a)(1). We affirm.

## BACKGROUND

On October 17, 2010, Special Agent Brian Kimball of the Federal Bureau of Investigation and several other law enforcement officers attempted to apprehend Peppers at the residence of his mother, Roberta Arnoux. Earlier that day, Arnoux had informed the officers that Peppers was asleep in her trailer home but warned that she kept an unloaded shotgun under her bed.

Around midnight, the officers entered Arnoux's darkened trailer and found Peppers sleeping on a couch. As the officers attempted to apprehend Peppers, a struggle ensued, during which Peppers bit Special Agent Kimball's arm. The officers placed Peppers under arrest shortly thereafter.

Following an indictment, Peppers proceeded to trial on one count of being a felon in possession of a firearm, which was

dismissed at the close of the government's case-in-chief, and one count of assault on a federal officer. At trial, Peppers testified in his own defense, claiming that at the time of his arrest, he believed he was resisting violent attackers, not law enforcement officers, who had entered his mother's trailer. Peppers maintained that he had not become aware that the intruders were actually law enforcement officers because, among other things, he could not see anything in the darkened trailer and could not hear officers identifying themselves due to the general commotion associated with his arrest.

After the close of evidence, the district court distributed its proposed jury instructions, which stated in relevant part:

> In order for the defendant to be found guilty of assault on a federal officer as charged in the indictment, the government must prove each of the following elements beyond a reasonable doubt:
>
> Fi[r]st, the defendant forcibly assaulted [an] FBI Agent — FBI Special Agent Brian Kimball;
>
> Second, the defendant did so while FBI Special Agent Brian Kimball was engaged in or on account of his official duties;
>
> Third, the defendant made physical contact with FBI Special Agent Brian Kimball; and,
>
> Fourth, either, one, the defendant knew that FBI Special Agent Brian Kimball was a federal officer; or the defendant did not reasonably believe force was necessary to defend against an immediate use of unlawful force; or, three, the defendant used more force than appeared reasonably necessary in the circumstances.

> Forcible assault occurs when one person intention-
> ally strikes another or willfully attempts to inflict
> injury on another.
>
> Use of force is justified if, one, the defendant did
> not know that FBI Special Agent Brian Kimball was
> a federal officer; two, the defendant reasonably
> believed that the use of force was necessary to
> defend himself against an immediate use of unlawful
> force; and three, the defendant used no more force
> than appeared reasonably necessary in the circum-
> stances.
>
> Force which is likely to cause death or great bod-
> ily harm is justified in self-defense only if a person
> reasonably believes that such force is necessary to
> prevent death or great bodily harm.

Peppers objected to the proposed instructions and requested that the district court follow the Ninth Circuit pattern instructions by issuing "separate instructions" for the offense elements and the issue of self-defense.[1] The district court, overruling Peppers' objection, issued its proposed jury instructions. After the parties' closing arguments, the jury found Peppers guilty on one count of assault on a federal officer. Peppers timely appeals.

## STANDARD OF REVIEW

We review "*de novo* whether the district court's instructions adequately presented the defendant's theory of the case." *United States v. Knapp*, 120 F.3d 928, 930 (9th Cir. 1997). Whether the instructions accurately stated the burden

---

[1]This circuit's model instructions cover the elements of assault on a federal officer and self-defense in two separate instructions. *See* 9th Cir. Crim. Jury Instr. 8.3 & 8.5 (2010).

of proof is also subject to de novo review. *United States v. McKittrick*, 142 F.3d 1170, 1177 (9th Cir. 1998). If the instructions "fairly and adequately cover the issues presented," the district court "is given substantial latitude in tailoring jury instructions." *United States v. Powell*, 955 F.2d 1206, 1210 (9th Cir. 1992) (internal quotation marks omitted). Thus, "[a] district court's formulation of the jury instruction is reviewed for abuse of discretion." *Du v. Allstate Ins. Co.*, 681 F.3d 1118, 1122 (9th Cir. 2012) (internal quotation marks omitted).

## DISCUSSION

Peppers argues that his conviction should be reversed because the district court's jury instructions failed to inform the jury adequately that the government bore the burden of proving beyond a reasonable doubt that he did not act in self-defense. The jury instructions stated that the government had to prove beyond a reasonable doubt:

> either, one, the defendant knew that FBI Special Agent Brian Kimball was a federal officer; or the defendant did not reasonably believe force was necessary to defend against an immediate use of unlawful force; or, three, the defendant used more force than appeared reasonably necessary in the circumstances.

[1] Peppers does not contend that the jury instructions inaccurately stated the government's burden of proof on the issue of self-defense. He nonetheless claims that our opinion in *United States v. Pierre*, 254 F.3d 872, 876 (9th Cir. 2001), mandates reversal of his conviction. The jury instructions challenged in *Pierre* are distinguishable, however, because they lacked any instruction regarding the burden of proof on the issue of whether the defendant reasonably believed that force was necessary to defend himself.[2] *Id.* We reversed the

---

[2]There, the district court issued an instruction informing the jury that the defendant's use of force was justified if the defendant: (1) reasonably

defendant's conviction because the jury instructions never informed the jury that the government bore the burden of proof on the entire self-defense claim. *Id.* In contrast, the jury instructions in this case correctly stated the government's burden of proof on the entire issue of self-defense. Accordingly, Peppers' reliance on *Pierre* is misplaced.

**[2]** In a related argument, Peppers challenges the district court's "construction" of the jury instructions. He contends that the district court de-emphasized or downplayed the government's burden of proof on the issue of self-defense by framing the absence of self-defense as an element of the charged offense in the jury instructions. Although the preferred practice is for district courts, where possible, to follow the model instructions and avoid unnecessary disputes like this one, "a district court has substantial latitude to tailor jury instructions." *United States v. Marsh*, 26 F.3d 1496, 1502 (9th Cir. 1994). We find no abuse of discretion in this case requiring reversal of Peppers' conviction.[3]

AFFIRMED.

---

believed that force was necessary to defend himself against the immediate use of unlawful force, and (2) used no more force than appeared reasonably necessary under the circumstances. *Pierre*, 254 F.3d at 874. In its attempt to instruct the jury on the government's burden of proof, however, the district court stated only that the government had to prove beyond a reasonable doubt that "the defendant used more force than was reasonably necessary in the circumstances." *Id.* (emphasis omitted).

[3]"[A]n error in criminal jury instructions requires reversal unless there is no reasonable possibility that the error materially affected the verdict or, in other words, that the error was harmless beyond a reasonable doubt." *Pierre*, 254 F.3d at 877 (internal quotation marks omitted). To the extent Peppers argues the district court misstated the elements of the charged offense by presenting the absence of self-defense as an offense element, that error was harmless. There is no reasonable possibility that the inclusion of the lack of self-defense as an offense element requiring proof beyond a reasonable doubt from the government materially affected the jury's guilty verdict.