**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10561 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-01164-DCB-CRP-1 |
| v. | |
| JAIME MARTINEZ-GARCIA, AKA Jaime Martinez, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted July 9, 2013
San Francisco, California

Before: FERNANDEZ, PAEZ, and BERZON, Circuit Judges.

Jaime Martinez-Garcia appeals his conviction for two counts of assaulting a federal officer, in violation of 18 U.S.C. § 111.

**1.** The district court did not err in concluding that Martinez-Garcia's confession was voluntary. *See Doody v. Ryan*, 649 F.3d 986, 1011 (9th Cir. 2011)

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

(en banc); *United States v. Haswood*, 350 F.3d 1024, 1027 (9th Cir. 2003); *United States v. Kelley*, 953 F.2d 562, 565 (9th Cir. 1992).  This conclusion was supported by the testimony of the discharging nurse and the interrogating agents regarding Martinez-Garcia's medication and pain levels at the time closest to the confession. Conversely, Martinez-Garcia did not present any evidence that he was in pain or disoriented at the time of his interrogation.  The evidence that he did present, regarding his condition several hours before, and more than 36 hours after the interrogation, was not directly probative of his medication and pain levels at the time he signed the Miranda waiver and confession.  Moreover, the statement by the interrogating officer of which Martinez-Garcia complains, even if misleading, is insufficient to constitute coercion of the confession.  *See Amaya-Ruiz v. Stewart*, 121 F.3d 486, 495 (9th Cir. 1997).

2.  Given these same facts, the district court did not clearly err in concluding that Martinez-Garcia knowingly and intelligently waived his Miranda rights, "especially considering that he indicated that he understood his rights after they were explained to him."  *United States v. Bautista-Avila*, 6 F.3d 1360, 1366 (9th Cir. 1993).

3.  Considered as a whole, the disputed jury instructions regarding Count 3 "fairly and adequately cover[ed] the issues presented."  *United States v. Peppers*,

2

697 F.3d 1217, 1220 (9th Cir. 2012) (per curiam). Unlike in the cases on which Martinez-Garcia relies, the instructions did not "allow[] the government to defeat an excessive force theory of defense merely by proof beyond a reasonable doubt that the defendant knew that the person that she allegedly assaulted was a federal law enforcement officer." *United States v. Span*, 970 F.2d 573, 577 (9th Cir. 1992) (*Span I*); *see United States v. Span*, 75 F.3d 1383, 1389 (9th Cir. 1996) (*Span II*). Moreover, *Span I* emphasized that the problem with the instructions in that case was that the defendants were not permitted to argue that they had used "*reasonable force to repel excessive force by a federal law enforcement officer*." 970 F.2d at 577 (emphasis added); *see id.* at 578 (noting the "right to offer *reasonable resistance to repel any excessive force*") (emphasis added); *id.* at 581. Nor has Martinez-Garcia identified any way in which the instructions misstate the law of self-defense, which requires that a defendant "reasonably believe force was necessary" and that he "use[ no] more force than appear[s] reasonably necessary." *See United States v. Keiser*, 57 F.3d 847, 850–52, 857 (9th Cir. 1995).

As "the instructions fairly and adequately cover[ed] the issues presented," we review only for "abuse of discretion" the "district court's formulation of the jury instructions." *Peppers*, 697 F.3d at 1220. Given the "substantial latitude"

3

accorded district courts in "in tailoring jury instructions," the district court did not abuse its discretion here. *See Peppers*, 697 F.3d at 1220.

**4.** There was not sufficient evidence from which the jury could have concluded that Agent Rocha used excessive force. Martinez-Garcia was therefore not entitled to a self-defense instruction on Count 2. *See United States v. Spentz*, 653 F.3d 815, 818 (9th Cir. 2011).

**5.** Sufficient evidence supported the district court's decision to deny Martinez-Garcia's Rule 29 motion. *United States v. Gonzalez-Diaz*, 630 F.3d 1239, 1242 (9th Cir. 2011). Assuming, without deciding, that the government needed to present testimony during its case-in-chief regarding what levels of force are appropriate in response to particular situations, the government did just that.

**AFFIRMED.**