FILED

AUG 29 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50454 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-01070-PSG-1 |
| v. | |
| MILTON LEE VANDEVORT, AKA Lee Vandevort, AKA Leland W. Vandevort, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted May 6, 2013
Pasadena, California

Before: PAEZ and IKUTA, Circuit Judges, and SEEBORG, District Judge.[**]

Defendant Milton Lee Vandevort appeals his convictions and sentence for

false oath in bankruptcy (18 U.S.C. § 152(2)), fraudulent concealment of assets in

bankruptcy (18 U.S.C. § 152(1)), and unlawful monetary transactions in criminally

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Richard Seeborg, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

derived property (18 U.S.C. § 1957). We have jurisdiction under 28 U.S.C. § 1291, and we affirm the convictions and sentence.

1. The district court did not fail to instruct the jury on an element of the offense. The jury instructions tracked the text of 18 U.S.C. § 152(1), which we have held is "quite easily comprehended." *United States v. Weinstein*, 834 F.2d 1454, 1461 (9th Cir. 1987). Moreover, "the instructions as a whole" were not "misleading or inadequate to guide the jury's deliberation." *United States v. Hofus*, 598 F.3d 1171, 1174 (2010). The jury was instructed that it could convict only on interests that "belonged" to Vandevort and that were "in" his "property." We therefore conclude that the district court made no error because it did not misstate or omit an element of the § 152(1) offense. *United States v. Peterson*, 538 F.3d 1064, 1070 (9th Cir. 2008). The district court did not abuse its discretion as to the precise formulation of the instructions. *United States v. Peppers*, 697 F.3d 1217, 1220 (9th Cir. 2012), cert. denied, 133 S. Ct. 1477 (2013).

2. The operative statutes, 18 U.S.C. § 152 and 11 U.S.C. § 541, are not unconstitutionally vague as applied to Vandevort. Here, the case law and legislative history establish that the term "equitable interests" in 11 U.S.C. § 541 is not impermissibly vague because (a) Congress intended a very broad definition of property in the bankruptcy context, *see United States v. Whiting Pools, Inc.*, 462

2

U.S. 198, 204-05 (1983); and (b) we have recognized that the "equitable or legal interests" in the property of the estate defined in 11 U.S.C. § 541 are "created and defined by state law." *Wilson v. Bill Barry Enterprises, Inc.*, 822 F.2d 859, 861 (9th Cir. 1987) (citing *Butner v. United States*, 440 U.S. 48, 55 (1979)). In the relevant context, "equitable interest" is not beyond the understanding of a person of ordinary intelligence. *See Weinstein*, 834 F.2d at 1461.

**3.** The district court did not abuse its discretion in excluding a portion of Vandevort's statement from his Section 341 hearing testimony. The district court excluded statements "not offered into evidence by the government and not testified to by defendant . . . as inadmissible hearsay." Vandevort's non-self-inculpatory statement was inadmissible hearsay not subject to an exception. *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000) (non-self-inculpatory statements are inadmissible even if they were made contemporaneously with other self-inculpatory statements), *holding modified by United States v. Larson*, 495 F.3d 1094 (9th Cir. 2007). The statement did not establish Vandevort's state of mind under Federal Rule of Evidence 803(3) because it lacked the indicia of reliability of a present-sense impression. *United States v. Ponticelli*, 622 F.2d 985, 991 (9th Cir. 1980), *overruled on other grounds by United States v. De Bright*, 730 F.2d 1255, 1259 (9th Cir. 1984) (en banc). Further, "[Federal Rule of Evidence 106]

3

does not compel admission of otherwise inadmissible hearsay evidence." *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996) (internal quotation omitted).

**4.** Vandevort appeals the 16-level upward adjustment to his offense level based on the intended loss of between $1 million and $2.5 million. U.S.S.G. §2B1.1(b)(1)(I) (2005 version). The district court's factual findings were not clearly erroneous, and relying on the debts Vandevort sought to discharge was not an error of law.

The only issue is the extent of the loss Vandevort intended to cause his creditors. Under the Sentencing Guidelines, intended loss is "the pecuniary harm that was intended to result from the offense; [including] intended pecuniary harm that would have been impossible or unlikely to occur." U.S.S.G. §2B1.1, Application Note 3(A)(ii) (2005). The district court properly applied this definition of intended loss in determining Vandevort's advisory sentencing guidelines range.

Vandevort argues that loss should be limited to the value of his concealed assets because it was not possible for him to have intended loss beyond that value. This argument was considered and rejected in *United States v. Bussell*, 504 F.3d 956, 962 (9th Cir. 2007), where we upheld the district court's determination that the intended loss equaled the amount of debt sought to be discharged in the bankruptcy because that calculation reflected "economic realities." That same

principle applies here. To prevail under the abuse of discretion standard, Vandevort would have to show that the "economic realities" of this case distinguished it from those in *Bussell*. This he cannot do: the evidence in this case shows that his fraudulent activities go beyond "solely . . . failing to disclose a concealed asset on the bankruptcy petition." *Id.*

**AFFIRMED**.