**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 10 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50379 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00140-FMO-4 |
| v. | |
| MARK VINCENT NORMAN, AKA Marcus Norman, AKA Vincent Norman, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted December 6, 2018[**]
Pasadena, California

Before: O'SCANNLAIN and IKUTA, Circuit Judges, and STEEH,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

[***]     The Honorable George Caram Steeh III, United States District Judge
for the Eastern District of Michigan, sitting by designation.

Defendant Mark Norman appeals his jury trial conviction for conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349, arising out of a fraudulent scheme in which checks were stolen from the mail, forged in his name, and deposited into his fake business account. We affirm.

1. Sufficient evidence supported Defendant's conviction. Viewing the evidence in the light most favorable to the government, *United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc), the evidence was sufficient to permit a rational juror to conclude that Defendant was a knowing participant in the conspiracy to commit bank fraud.

Defendant concedes the evidence at trial proved the existence of a conspiracy between co-defendants Mark Itaev, his wife Yelena Itaev, and others to commit bank fraud. The evidence shows that Defendant had a knowing connection to that fraudulent scheme. *See United States v. Moreland*, 622 F.3d 1147, 1169 (9th Cir. 2010). Defendant opened the fraudulent account in the name of a non-existent business, and there was no legitimate income going into the account other than the initial $100 – no direct deposits, no tax refunds, no cash deposits. The deposits were counterfeit checks stolen from the mail and forged to be made payable to him, and him alone, and were endorsed in his name only. Surveillance videos showed him making withdrawals of thousands of dollars inside branch

2

offices on three occasions.  Each time he wore a hat and at least once, he wore sunglasses.  He was a roommate and friend of co-conspirator, Mark Itaev, who deposited the fraudulent checks and made numerous withdrawals from ATM machines using Defendant's ATM card and PIN number.  He was stopped with Itaev on the same day that $9,300 was withdrawn from his account and had approximately $4,000 in cash on his person at that time.  He lied about the source of those funds to the police.  Also, Defendant never contacted the bank at any time to complain of fraudulent activity, not even when the account was closed just a few months after its opening, with a negative balance of $75,000, which was the result of non-payable counterfeit checks, fees for overdrafts, and other penalties.

2. The district court did not abuse its discretion in admitting the testimony of Sergeant Shawn Svoboda.  His testimony made it more probable that Defendant participated in the conspiracy because it showed that he was traveling with a co-conspirator during the time of the conspiracy; he possessed a large amount of cash that could have been obtained by the bank fraud; and he appeared to be lying about the source of the cash.

Defendant has not demonstrated that the probative value of the evidence was "substantially outweighed" by unfair prejudice.  Defendant claims testimony by Sergeant Svoboda was prejudicial because it incriminated him in a drug trafficking

3

offense.  But defense counsel elicited the testimony that Defendant was arrested for a narcotics violation on cross-examination.  *See United States v. Miller*, 771 F.2d 1219, 1234 (9th Cir. 1985) (appellant cannot challenge testimony elicited on cross-examination by defense counsel).  On direct examination, the government did not elicit any testimony regarding the arrest or the drugs found in Defendant's vehicle.

Sergeant Svoboda's testimony did not violate the Confrontation Clause.  The district court placed no limit on cross-examination, told defense counsel he had "free rein," and the government never objected to any testimony on cross-examination.  Where a witness "is present at trial and subject to unrestricted cross-examination," the defendant's right to confrontation is satisfied.  *United States v. Owens*, 484 U.S. 554, 560 (1988).

3.  Considering the jury instructions as a whole, *United States v. Smith*, 831 F.3d 1207, 1215 (9th Cir. 2016), and assuming Norman preserved the issue for appeal, the district court did not abuse its discretion when it gave a limiting instruction regarding the weight to be given to the handwriting on the counterfeit checks.  The instruction told jurors that they "may" consider the handwriting and signatures as circumstantial evidence of an "alleged conspiracy," but did not say that they "should" or "must," nor did it indicate that the conspiracy in fact existed. The district court charged the jury that they were to consider all the evidence of the

4

case, were the sole finder of fact, and should not be influenced by anything the court may have said or done, as the court did not intend to suggest what the verdict should be. *See United States v. Gravenmeir*, 121 F.3d 526, 529 (9th Cir. 1997). Jurors are presumed to follow their instructions. *Weeks v. Angelone*, 528 U.S. 225, 234 (2000) (citation omitted). The jury instructions properly addressed the weight to be given to the evidence, including the handwriting, and properly instructed the jury about how to determine whether Defendant had the requisite knowledge of the conspiracy to be convicted. "If the instructions fairly and adequately cover the issues presented, the district court is given substantial latitude in tailoring jury instructions." *United States v. Peppers*, 697 F.3d 1217, 1220 (9th Cir. 2012) (per curiam) (internal quotation marks and citation omitted). Considering the instructions in their entirety, the district court did not abuse its discretion in tailoring a limiting instruction about the weight to be given to the handwriting on the counterfeit checks.

**AFFIRMED.**