**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 11 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-50334 |
| Plaintiff-Appellee, | D.C. No.<br>2:15-cr-00701-ODW-3 |
| v. | |
| HUA LEUNG, AKA Hua Dee, AKA Ah Hua, AKA Hua Liang, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted September 9, 2019**
Pasadena, California

Before:  OWENS, R. NELSON, and MILLER, Circuit Judges.

Appellant Hua Leung appeals his convictions for conspiracy to commit

money laundering and aiding and abetting money laundering.  Leung argues (1) the

district court erred in denying his motion to exclude video and audio recordings of

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his participation in meetings discussing money laundering; (2) there was insufficient evidence to convict him; and (3) the jury instructions regarding the money laundering conspiracy charge were erroneous. We affirm.

1. During meetings with his co-defendant and a confidential informant, Leung made statements that he was involved in drug dealing, firearms sales, and debt collection activity. Leung sought to exclude these statements as impermissible "other acts" evidence under Federal Rule of Evidence 404(b) or as unfairly prejudicial under Federal Rule of Evidence 403. Whether evidence "falls within the scope of Rule 404(b)" is reviewed de novo. *United States v. Smith*, 282 F.3d 758, 768 (9th Cir. 2002).

Evidence of prior acts under Rule 404(b) can be admitted "if the evidence constitutes a part of the transactions that serves as the basis for the criminal charge." *United States v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004) (citation and internal quotation marks omitted). Regardless of whether these acts actually occurred, the statements were direct evidence of Leung's role in the money laundering conspiracy as Lee's protector and a trusted business partner. In his opening brief, Leung admits he offered the statements to talk "like a criminal, in an attempt to brag and look like a 'tough guy.'" The statements "were probative of his consciousness that his conduct was illegal" and therefore were outside the

2

scope of Rule 404. *United States v. Ramirez-Jiminez*, 967 F.2d 1321, 1327 (9th Cir. 1992).

We review a district court's decision to admit evidence after a Rule 403 objection for abuse of discretion. *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995). As the district court recognized, the statements were probative of Leung's intent to secure the money laundering business as "someone trying to ingratiate themselves . . . with underworld clientele" and his knowledge that the source of the money was illegal. Any prejudicial effect was mitigated by the district court's limiting instruction that the statements were only admitted for the limited purpose of deciding whether the defendant had the state of mind, knowledge, or intent necessary to commit the crimes charged in the indictment. *See id.* Therefore, the district court did not err in allowing the evidence to come in at trial.

2. We review claims of insufficient evidence de novo. *United States v. Sullivan*, 522 F.3d 967, 974 (9th Cir. 2008) (per curiam). In reviewing the evidence in the light most favorable to the prosecution, there was more than sufficient evidence for the jury to find Leung knowingly participated in the money laundering scheme. Leung heard Lee provide specific details of the money laundering deal, such as the drug cash would be exchanged for bank cashier's checks and the payee name on the checks would be changed every month, in

Cantonese, his native language. Leung then confirmed that the check would be "real," that the transaction would have a "smooth start," and that they would conduct business with "sincere hearts" and "safely." Leung also showed up on the day of the transaction and it was reasonable for the jury to infer that he was following through on his promise to ensure the transaction went smoothly.

3. Leung challenges the jury instructions, arguing that it was improper to use the standard non-sting money laundering charge as the object of the conspiracy in a sting context because the two provisions have different expressions of intent. The sting provision requires the defendant to conduct a financial transaction "with the intent" to conceal or disguise the nature of property "believed to be the proceeds of specified unlawful activity," 18 U.S.C. § 1956(a)(3), whereas the non-sting provision requires the defendant to "know[] that the property involved in a financial transactions represents the proceeds of some form of unlawful activity" and conduct a financial transaction "with the intent to promote the carrying on of specified unlawful activity," or "knowing that the transaction is designed" to conceal or disguise the proceeds of specified unlawful activity, *id.* § 1956(a)(1). We have said that the intent requirements of § 1956(a)(3) and § 1956(a)(1) are "nearly identical." *United States v. Manarite*, 44 F.3d 1407, 1415 (9th Cir. 1995). "If the instructions fairly and adequately cover the issues presented, the district court is given substantial latitude in tailoring jury instructions." *United States v.*

4

*Peppers*, 697 F.3d 1217, 1220 (9th Cir. 2012) (per curiam) (citation and internal quotation marks omitted).  The district court therefore did not err in giving a hybrid instruction that the defendant "knew or believed that the transaction was designed in whole or in part to conceal or disguise . . . the proceeds of specified unlawful activity or drug trafficking" on the conspiracy count.

Leung is also incorrect that for a conspiracy charge, the defendant must conduct or attempt to conduct a financial transaction himself.  All that conspiracy requires is an agreement between two people to accomplish an unlawful act and the intent to commit the underlying offense, regardless of who carries out the plan. *United States v. Moe*, 781 F.3d 1120, 1124 (9th Cir. 2015).  The jury was instructed that it could find Leung guilty only if it found that he "became a member of the conspiracy knowing of its object and intending to help accomplish it."  The district court did not err in instructing the jury.

**AFFIRMED.**

5