**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50128 |
| Plaintiff-Appellee, | D.C. No.<br>2:16-cr-00631-SJO-1 |
| v. | |
| EDWARD RIDGILL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted October 17, 2019
Pasadena, California

Before: NGUYEN and OWENS, Circuit Judges, and VITALIANO,[**] District Judge.

Edward Ridgill appeals his convictions and 60-month sentence after a jury

found him guilty of twenty-six counts of illegally distributing various controlled

substances. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

reverse in part, and remand for resentencing.

1. The district court plainly erred by considering the prescription activity reflected in the CURES data under the preponderance of the evidence standard. *United States v. Jordan*, 256 F.3d 922, 926 (9th Cir. 2001) (reviewing the district court's application of the preponderance of the evidence standard for plain error because the defendant raised no objection below). When a sentencing factor "'has an extremely disproportionate effect on the sentence relative to the offense of conviction,' the government may have to prove the factor by clear and convincing evidence." *United States v. Felix*, 561 F.3d 1036, 1045 (9th Cir. 2009) (quoting *United States v. Mezas de Jesus*, 217 F.3d 638, 642 (9th Cir. 2000)).[1] The CURES data had an "extremely disproportionate" effect on Ridgill's sentence because it raised his total offense level by fourteen levels. *See Jordan*, 256 F.3d at 929 (concluding that sentencing factors that increased the offense level by nine points and more than doubled the defendant's sentence "strongly support[ed] application

_____

[1] The cases relied on by the government to argue otherwise are distinguishable. Those cases relate to the standard of proof that applies to drug-quantity approximations for an offense of conviction. *See United States v. Flores*, 725 F.3d 1028, 1035 (9th Cir. 2013) (evaluating, under the preponderance of the evidence standard, an approximation of the quantity of drugs "attributable to" a conspiracy for which the defendant had been charged and convicted); *see also United States v. Rosacker*, 314 F.3d 422, 429–30 (9th Cir. 2002) (affirming a drug-quantity approximation made under the preponderance of the evidence standard because the approximation at issue did not raise the same due process concerns as "exist in the context of enhancing a sentence on the basis of uncharged conduct"). Here, the CURES data captured prescription activity distinct from the convictions.

2

of the clear and convincing evidence standard"). This error was plain, and it affected Ridgill's substantial rights if the illegality of the prescription activity reflected in the CURES data was not established by clear and convincing evidence. *Id.* at 929–31. We express no opinion on the sufficiency of the government's evidence under the clear and convincing standard. Instead, we vacate Ridgill's sentence and remand to the district court to assess the evidence in the first instance.

The parties concede, and we agree, that Standard Conditions 5, 6, and 14 that the district court imposed as conditions of supervised release are unconstitutionally vague under *United States v. Evans*, 883 F.3d 1154, 1162–63 (9th Cir. 2018). We remand for the district court to modify these conditions consistent with our opinion in *Evans*. *See* Central District of California General Order 18-10 (Nov. 2, 2018) (remedying the defects *Evans* identified).

Because we remand for resentencing, we do not reach Ridgill's argument that his 60-month sentence is substantively unreasonable.

2. We find unpersuasive Ridgill's remaining arguments. The district court did not plainly err by admitting the challenged portions of Dr. Timothy Munzing's testimony. *United States v. Alonso*, 48 F.3d 1536, 1539 (9th Cir. 1995) (noting that plain error review applies if no objection to the challenged expert testimony was raised below). Dr. Munzing's testimony was relevant because it aided the jury in assessing whether the prescriptions at issue were written for an illegal purpose.

The fact Dr. Munzing never examined either of the confidential sources does not undermine the admissibility of his testimony because he testified as an expert witness, not as a treating physician.

The district court did not abuse its discretion in rejecting Ridgill's proposed modifications to the jury instructions. *See United States v. Peppers*, 697 F.3d 1217, 1220 (9th Cir. 2012) (noting that the precise formulation of a jury instruction is reviewed for abuse of discretion). We have "repeatedly upheld the use of the Ninth Circuit model jury instruction on reasonable doubt," which was provided here. *United States v. Alcantara-Castillo*, 788 F.3d 1186, 1198 n.4 (9th Cir. 2015) (collecting cases). In addition, the substantive offense instruction correctly described each element of the charged offense, including intent. *See United States v. Feingold*, 454 F.3d 1001, 1008 (9th Cir. 2006). It also appropriately referred to the standard of care by advising the jury that it could—but need not—evaluate Ridgill's conduct against that standard. *Id.* at 1011.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR RESENTENCING.**