NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 20 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DAVID D. DELAY,

Defendant-Appellant.

No.   18-30080

D.C. No.
2:15-cr-00175-RSL-1

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted December 12, 2019
Seattle, Washington

Before:  HAWKINS and McKEOWN, Circuit Judges, and PRATT,** District
Judge.

Appellant David D. Delay timely appeals his jury conviction of conspiracy

to engage in sex trafficking by force, 18 U.S.C. §§ 1591(a)(1), 1594(c); attempted

sex trafficking of a juvenile by force, fraud, and coercion, §§ 1591(b), 1594(a); sex

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **        The Honorable Robert W. Pratt, United States District Judge for the
Southern District of Iowa, sitting by designation.

trafficking of an adult by force, fraud, and coercion, § 1591(a); transportation for the purpose of prostitution, § 2421; transportation for the purpose of prostitution through coercion and enticement, § 2422(a); two counts of production of child pornography, § 2251; and one count of obstruction and interference with sex-trafficking enforcement, § 1591(d). We affirm.

1. Because Delay makes no showing of resulting prejudice, his claim that the district court abused its discretion in denying his sixth continuance fails. *United States v. Zamora-Hernandez*, 222 F.3d 1046, 1049 (9th Cir. 2000).

2. Circuit precedent forecloses Delay's contention that the indictment contained multiplicitous counts in charging violations of both § 2421 and § 2422. *United States v. Taitano*, 442 F.2d 467, 469 (9th Cir. 1971).

3. Delay challenges his § 1591(d) conviction, arguing the Government offered insufficient evidence that he knew he would interfere with a *federal* investigation when he asked his *federal* codefendant to withdraw her *federal* guilty plea despite a *federal* no-contact order. To the extent the Government must prove such knowledge, a rational juror could have found it here. *See United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010). Delay's argument that § 1591(d) is unconstitutionally vague as applied fails, too, because a defendant whose "actions clearly come within the statute . . . cannot make a void for vagueness challenge." *United States v. Jae Gab Kim*, 449 F.3d 933, 942 (9th Cir. 2006).

2                                                          18-30080

4. Delay argues that limits on his cross-examination of certain government witnesses' past acts violated his Confrontation Clause rights. But the district court did not abuse its discretion by limiting the scope of cross-examination within a given area here. *See United States v. Larson*, 495 F.3d 1094, 1101 (9th Cir. 2007) (en banc).

5. Contrary to Delay's contention, the jury instructions were not flawed. First, the district court did not plainly err by not giving a diminished-capacity instruction. *See United States v. Montgomery*, 150 F.3d 983, 996 (9th Cir. 1998). Further, Delay did not (1) seek such an instruction, (2) present such a defense, or (3) show how any mental illness affected his "ability to attain the culpable state of mind which defines the crime[s]."[1] *United States v. Christian*, 749 F.3d 806, 815 (9th Cir. 2014) (quoting *United States v. Twine*, 853 F.2d 676, 678 (9th Cir. 1988)). Second, a district court has "substantial latitude" when tailoring jury instructions, *United States v. Marsh*, 26 F.3d 1496, 1502 (9th Cir. 1994), including whether to emphasize certain offense elements over others, *United States v.*

---

[1] We decline to address Delay's argument that his trial counsel rendered ineffective assistance because it was not raised in Delay's opening brief, *see United States v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006), and in any event is better suited for collateral review, *see United States v. Benford*, 574 F.3d 1228, 1231 (9th Cir. 2009).

*Peppers*, 697 F.3d 1217, 1221 (9th Cir. 2012), and Delay has shown no reversible error regarding the jury instruction defining "coercion" with respect to § 1591.[2]

**AFFIRMED.**

---

[2] We deny the Government's motion to strike portions of Delay's reply brief as moot.